EMILIO M. GARZA, Circuit Judge,
specially concurring:
The majority holds that a district court must consider a Padilla claim that is sufficiently presented, both legally and factually, as part of a Rule 11 motion to withdraw a plea. In other words, Padilla is not relegated to collateral proceedings. Ante at 369. I join this holding in full. However, I read the majority only to hold that Urias’s claim — that her attorney did not advise her of the certainty of deportation — must be reviewed under Rule 11, not that Padilla requires counsel to advise that deportation is a certain consequence of a guilty plea.
The scope of the duty established in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is unclear. The Court initially states, “we agree ... that constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation.” Id. at 360, 130 S.Ct. 1473. This seems to suggest that “certainty” would be the requisite advice. However, the most definite statement of the Court’s holding is this: ‘We now hold that counsel must inform her client whether his plea carries a risk of deportation.” Id. at 374, 130 S.Ct. 1473. This, on the other hand, suggests that advice about “risk” is sufficient to discharge counsel’s duty.
*370 Our circuit has subsequently described the Padilla holding thusly: “[T]he Supreme Court held ... that the Sixth Amendment imposes on attorneys representing noncitizen criminal defendants a constitutional duty to advise the defendants about the potential removal consequences arising from a guilty plea.” United States v. Amer, 681 F.3d 211, 212 (5th Cir.2012) (emphasis added). And, in the most recent pronouncement from the Supreme Court, the Padilla holding was restated as follows: “We held that criminal defense attorneys must inform non-citizen clients of the risks of deportation rising from guilty pleas.” Chaidez v. United States, — U.S. —, 133 S.Ct. 1103, 1106, 185 L.Ed.2d 149 (2013) (emphasis added). Neither Chaidez nor Amer indicates that counsel is obligated under the Sixth Amendment to explain that deportation is “certain” to result from a guilty plea.[1]
The scope of the Padilla duty is an open question, which need not be resolved in this appeal. The sole question before us is whether the district court erred in determining that Padilla was inapplicable in the Rule 11 context. This can be answered without determining that Padilla required Urias’s counsel to warn that deportation was “certain.” Because we vacate and remand for further proceedings, namely consideration of Padilla in a new Rule 11 decision, I would leave the interpretation and application of Padilla to the district court in the first instance.

. In United States v. Bonilla, the Ninth Circuit determined that a "criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty.” 637 F.3d 980, 984 (9th Cir.2011). However, Bonilla does not contemplate, much less resolve, the internal tension in Padilla, discussed above. Accordingly, the case is not a particularly persuasive precedent.